**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**FERRONE CLAIBORNE,**

       **Petitioner,**

      **v.**                   **CIVIL ACTION NO. 3:13cv81**
                                 **(Judge Groh)**

**WARDEN TERRY O'BRIEN,**

       **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On July 12, 2013, the *pro se* petitioner, Ferrone Claiborne, an inmate at USP Hazelton, filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241. The petitioner paid the required filing fee on August 5, 2013. This case is before the undersigned for a Report and Recommendation pursuant to LR PL P 2, et seq.

### II. FACTS [1]

On November 21, 2000, a one-count indictment was filed against the petitioner in the United States District Court for the Eastern District of Virginia. After arrest, the petitioner, along with a co-defendant were charged in a three count superceding indictment. The petitioner was charged in Count One - conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 846; Count Two - using a firearm to commit murder during drug trafficking; aiding and abetting in violation of 18 U.S.C. §§ 924(c), 924(j) and 2; and Count Three - murder of law enforcement

---

[1] The factual background is taken from a prior 2241 filed by the petitioner with this Court. The document citations within this section refer to filings in that prior case. See 1:12-cv-00038-IMK-JSK.

officer during drug trafficking; aiding and abetting in violation of 21 U.S.C. § 848(e)(1)(b) and 18 U.S.C. § 2. (Doc. 10-1, p. 2). Following an eight day jury trial, the petitioner was found guilty on only Count 1, conspiracy to distribute 50 or more grams of cocaine base. (Id. at 12). He was subsequently sentenced to life imprisonment. (Id. at 15).[2]

The petitioner and his co-defendant appealed their convictions and sentences to the United States Court of Appeals for the Fourth Circuit. (Doc. 10, p. 2). The Court of Appeals affirmed the petitioner's sentence and the Supreme Court of the United States denied Certiorari. (Id.).

On March 3, 2004, the petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2255 based on a claim of ineffective assistance of counsel and Fifth and Sixth Amendment violations. United States v. Claiborne, 388 F. Supp. 2d 676, 679 (E.D. Va. 2005). The petitioner's §2255 was denied by the District Court and his subsequent appeal was dismissed by the Fourth Circuit. (Doc. 10-3, p. 1).

On July 12, 2013, the petitioner filed the instant Application for Habeas Corpus Pursuant to 28 U.S.C. §2241. For relief, the petitioner requests the court "release him from this void judgment.

## II. CONTENTIONS OF THE PETITIONER

The petitioner asserts that he is entitled to relief under 28 U.S.C. §2241 because he is incarcerated for a void judgment. More specifically, the petitioner alleges that he was sentenced

---

[2]At sentencing, the district court applied a cross-reference to the first degree murder guidelines based on its factual finding by clear and convincing evidence, that the petitioner and his co-defendant had killed [the police officer] under circumstances that would constitute murder under 18 U.S.C. § 1111. Application of the cross-reference yielded a base offense level of 43 for the petitioner and his co-defendant. The district court determined that the Guidelines directed imposition of life sentences. See U.S. v. Richardson, 51 Fed.Appx. 90, 92 2002 WL 31415467 (4th Cir. 2002).

to life imprisonment based on his conviction on Count 1 of the superseding indictment. However, the petitioner maintains that his criminal docket sheet reflects that Count 1 of the superseding indictment was terminated. The petitioner argues that because the jury acquitted him on Counts 2 and 3, and Count 1 was terminated, the judgment is a violation of his Eighth Amendment right to be free from cruel and unusual punishment. Accordingly, the petitioner requests that this Court order "his release from the illegal confinement presently oppressing him." (Doc. 1-1, p. 3).

### III. ANALYSIS

A motion filed under §2241 is typically used to challenge the manner in which a sentence is executed. See In re Jones, 226 F.3d at 334; In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997). A motion filed pursuant to § 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. See Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) (collecting cases from other circuits).

However, despite the fact that a § 2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, § 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of what is known as the Section 2255 "savings clause." See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). The savings clause provides that a prisoner may file a writ of habeas corpus if a remedy through a § 2255 motion is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). It is well established that "in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier

to bringing a § 2255 petition." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2001). Furthermore, § 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under the section is time-barred. United States v. Laurie, 207 F.3d 1075, 1077 (8th Cir. 2000).

The Fourth Circuit has examined the prerequisites for finding that §2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded that

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.[3]

Id. at 333-34.

Here, the petitioner mistakenly believes that Count 1 of the superceding indictment was terminated, and hence his conviction on Count 1 of that indictment is void. First, the undersigned notes that the petitioner is relying on his criminal docket sheet which did, at one point, indicate that Count 1 of the superseding indictment had been terminated.(Doc. 1-4, p. 3). However, docketing errors do not trump the actual proceedings. Docket entry 108 of the petitioner's criminal docket sheet clearly reflects that a jury verdict was returned on June 13,

---

[3] The "gatekeeping" requirements provide that an individual may only file a second or successive §2255 motion if the claim sought to be raised presents:
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
28 U.S.C. § 2255; see Jones, 226 F.3d at 330.

2001, finding the petitioner guilty of Count 1 of the superseding indictment and not guilty of Counts 2 and 3 of the superseding indictment. Moreover, as reflected in Docket entry 136, Judgment was entered sentencing the petitioner on Count 1 of the superseding indictment to a term of Life. Finally, it should be noted that the petitioner's Criminal Docket Sheet has been corrected to reflect that Count 1 of the Superceding Indictment is a pending count with the disposition of imprisonment for a term of LIFE.[4]

In conclusion, the petitioner was convicted of Count 1 of the superceding indictment and was sentenced to life imprisonment. Violation of 21 U.S.C. § 846 remains a criminal offense and, therefore, the petitioner cannot satisfy the second element of Jones. Because, the petitioner clearly attacks the validity of his conviction and sentence, and fails to establish that he meets the Jones requirements, the petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition.

## VI. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the petitioner's §2241 (Doc. 1) petition be **DENIED and DISMISSED.**

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Gina M. Groh, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.

---

[4]The docket sheet is available on PACER.

28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as shown on the docket sheet.

DATED: 8-9-2013

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE