**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**FERRONE CLAIBORNE,**

       Petitioner,

**v.**                                   **CIVIL ACTION NO. 3:13-CV-81
(JUDGE GROH)**

**WARDEN TERRY O'BRIEN,**

       Respondent.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

**I. Introduction**

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge David J. Joel.[1] Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, Petitioner Ferrone Claiborne's petition was referred to Judge Joel for an initial screening and a Report and Recommendation. Judge Joel filed his Report and Recommendation [Doc.7] on August 9, 2013. In that filing, he recommended that this Court deny and dismiss Petitioner's 28 U.S.C. § 2241 petition.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made.

---

[1] Pursuant to docket entry 10, this case was reassigned to Magistrate Judge Seibert per the order entered October 17, 2013 in 5:13-mc-35.

1

However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to the Report and Recommendation were due within fourteen (14) days after being served with a copy of the Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. Petitioner received service of the Report and Recommendation on August 9, 2012. On August 26, 2013, Petitioner timely filed his Objections [Doc. 9]. Accordingly, this Court will undertake a *de novo* review of those portions of Judge Joel's findings to which objection is made. This Court will review the remainder of the Report and Recommendation for clear error.

## II. Background

The following facts were gathered from Petitioner's docket sheet in United States v. Richardson et al., 3:00-cr-383 in the Eastern District of Virginia. On November 21, 2000, Petitioner was indicted on one count in the United States District Court for the Eastern District of Virginia. On November 24, 2000, Petitioner was arrested. After his arrest, Petitioner and his co-defendant were charged with the following three counts in a Superseding Indictment: (1) Count One- conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 846; (2) Count Two- using a firearm to commit murder during drug

2

trafficking; and (3) Count Three- murder of a law enforcement officer during drug trafficking; aiding and abetting in violation of 21 U.S.C. § 848(e)(1)(b) and 18 U.S.C. § 2.  After an eight-day trial, a jury found Petitioner guilty on Count One, conspiracy to distribute more than fifty grams of cocaine base in violation of 21 U.S.C. § 846.  On October 2, 2001, Petitioner was sentenced to life imprisonment and a five-year term of supervised release.

Petitioner subsequently appealed his conviction and sentence to the United States Court of Appeals for the Fourth Circuit.  The court of appeals affirmed Petitioner's sentence, and the United States Supreme Court later denied Petitioner's petition for writ of certiorari.

On March 3, 2004, Petitioner filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2255, based on a claim of ineffective assistance of counsel and Fifth and Sixth Amendment violations.  See United States v. Claiborne, 388 F. Supp. 2d 676, 679 (E.D. Va. 2005).  The district court denied Petitioner's § 2255 petition, and he appealed.  The court of appeals subsequently dismissed Petitioner's appeal.

On March 6, 2012, Petitioner filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241 in the Northern District of West Virginia.  See Claiborne v. O'Brien, Civil Action No. 1:12-CV-38 (N.D.W. Va. 2012).  Petitioner requested the court vacate and set aside his conviction.  Judge Keeley granted Respondent's Motion to Dismiss, or alternatively, Motion for Summary Judgment and denied and dismissed Petitioner's petition. Id.

On July 12, 2013, Petitioner, acting *pro se*, filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241.  Petitioner requests this Court to "release [him] from such

confinement." [Doc. 9] p. 4.

### III. Standard of Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiff, and must view the allegations in a light most favorable to the plaintiff. Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999).

But, a complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is *plausible* on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (emphasis added). "The pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and alteration omitted).

### IV. Discussion

Petitioner objects to the Report and Recommendation because it states that his § 2241 petition challenges the legality of his conviction and sentence rather than the

4

manner in which his sentence is executed. Petitioner states he is challenging the execution of his sentence, rather than attacking the legality of his conviction and judgment, because he is "questioning . . . the fact that Count 1 of the Superseding Indictment was terminated." [Doc. 9], p. 2.

A petition filed under 28 U.S.C. § 2241 must pertain to "an applicant's commitment or detention," rather than the imposition of a sentence. Relief under 28 U.S.C. § 2241 is permitted for actions involving the computation of credit for pretrial detention, good time, and those seeking to shorten court-ordered sentences that are administered by prison officials. See Reno v. Koray, 515 U.S. 50, 52-55, n.1 (1995). On the other hand, a prisoner files a 28 U.S.C. § 2255 petition to argue his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255.

Petitioner attacks his sentence by arguing that "[a]ccording to the Court's record, the Petitioner is incarcerated for a void judgment." Pet. 10. Petitioner argues that the certified docket sheet in Criminal Action Number 3:00-cr-383 in the Eastern District of Virginia reflects that "Count One" was "[d]ismissed on motion of the government." See [Doc. 1-4]. Therefore, Petitioner contends he should be released from incarceration because Count One has been terminated. Although Petitioner's docket sheet at one point reflected that Count One of the Superseding Indictment was "terminated," the docketing error in this case did not affect the district court's judgment.

Petitioner does not allege that the district court's judgment contained an error or mistake, and in any event, mere clerical errors may be corrected by the district court at any time.  See Fed. R. Crim. P. 36; see also United States v. Abdel-Aziz, 69 F. App'x 125, 126-27 (4th Cir. 2003) (finding district court properly ordered the clerk of court to correct a clerical error in a defendant's docket sheet to reflect the sentence imposed by the court).  In this case, the docket sheet unambiguously reflected that on June 13, 2001, a jury found Petitioner guilty as to Count One of the Superseding Indictment and not guilty as to Counts Two and Three of the Superseding Indictment.  Also, docket entry 136 states that Petitioner was sentenced to a term of life on Count One of the Superseding Indictment.  Last, the docket sheet currently reflects that although Count One was "[d]ismissed on motion of the government, Count One of the Superseding Indictment is "pending" and resulted in "[i]mprisonment for a term of LIFE.  Placed on Supervised Release for a term of 5 years; $100.00 Special Assessment."  Therefore, the docket sheet reflects that Petitioner was found guilty and sentenced on Count One of the Superseding Indictment.

As established above, Petitioner is seeking § 2255 relief.  Therefore, the proper vehicle for challenging a conviction or the imposition of his sentence is a § 2255 petition.  However, Petitioner is entitled to file a § 2241 petition if he can demonstrate that § 2255 is an inadequate or ineffective remedy.  See In re Jones, 226 F.3d 328 (4th Cir. 2000).  The Fourth Circuit Court of Appeals explained that § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the

prisoner's direct appeal and first § 2255 motion, the substantive law
changed such that the conduct of which the prisoner was convicted is
deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-
keeping provisions of § 2255 because the new rule is not one of
constitutional law.

Jones, 226 F.3d at 333-34.

In order for his petition to proceed, Petitioner must satisfy the savings clause. Precedent from the Fourth Circuit Court of Appeals "does not support the extension of the savings clause to petitioners who challenge only their sentences." United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008). Rather, case law has "confined the § 2255 savings clause to instances of actual innocence of the underlying offense of conviction." Darden v. Stephens, 426 F. App'x 173, 174 (4th Cir. 2011) (per curiam). In this case, Petitioner does not allege actual innocence of the underlying offense of conviction. Also, it is clear that Petitioner does not satisfy the three-part test. Importantly, Petitioner cannot satisfy the second element as violations of 21 U.S.C. § 846 remain criminal offenses, and Petitioner does not assert that the conduct for which he was actually convicted is no longer criminal. See In re Jones, 226 F.3d at 334.

Accordingly, Petitioner has failed to state a cognizable claim under 28 U.S.C. § 2241.

### V. Conclusion

Upon careful review of the record, it is the opinion of this Court that Judge Joel's Report and Recommendation should be, and is, hereby **ORDERED ADOPTED** for the

7

reasons more fully stated therein. Further, Petitioner's Objections are **OVERRULED**. It is further ordered that Petitioner's § 2241 petition is **DENIED and DISMISSED WITH PREJUDICE** and **STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet.

**DATED**: October 24, 2013

GINA M. GROH
UNITED STATES DISTRICT JUDGE